UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL SESSOMS, #945308,

        Petitioner,

                                    CASE NO. 2:24-CV-11275
v.                                 HON. NANCY G. EDMUNDS

JEFF HOWARD,

        Respondent.
_____/

## OPINION & ORDER DISMISSING THE HABEAS PETITION, DENYING THE MOTION FOR EVIDENTIARY HEARING, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I.   INTRODUCTION

Michigan prisoner James Michael Sessoms ("Petitioner"), currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a pro se petition for a writ of habeas corpus alleging that he is being held in state custody in violation of his constitutional rights, ECF No. 1, as well as a motion for an evidentiary hearing. ECF No. 3. Petitioner was convicted of first-degree murder, assault with intent to commit murder, and felon in possession of a firearm following a jury trial in the Wayne County Circuit Court. He was sentenced to life in prison without the possibility of parole, a concurrent term of

30 to 50 years in prison, and a consecutive term of two years in prison on those convictions in 2014.   *See* Petitioner's Offender Profile, Michigan Department of Corrections' Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=945308.

In his pleadings, Petitioner raises claims concerning his innocence, the alleged failure to disclose evidence, the right to present a defense, the impartiality of the trial court, the effectiveness of trial and appellate counsel, and cumulative error.   ECF No. 1.   Having reviewed the matter, and for the reasons stated herein, the Court concludes that the habeas petition is untimely and must be dismissed.   The Court also concludes that the motion for evidentiary hearing, a certificate of appealability, and leave to proceed in forma pauperis on appeal must be denied.

## II.  PROCEDURAL HISTORY

Petitioner's convictions arise from the fatal shooting of one man and the non-fatal shooting of another man at a laundromat in 2013.   In denying relief on Petitioner's insufficient evidence claim on direct appeal, the Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

2

Defendant does not dispute that he intentionally shot Keith Hicks and Gaylan Matthews. He argues that the evidence shows that the shooting was justified because he testified that Hicks and Matthews were verbally aggressive toward him, they physically backed him into a corner of the laundromat away from the building's only exit, and Hicks drew a gun.

\*\*\*

The prosecution…presented sufficient evidence to disprove defendant's claim of self-defense.… Testimony at trial indicated that defendant is approximately 6′ 3″ tall and weighed about 270 pounds on the night of the shooting. Matthews testified that he is approximately 5′ 7″ tall and weighed about 130 pounds on the night of the shooting. Hicks was 5′ 8″ tall and weighed 143 pounds. While defendant testified that he felt threatened when Hicks and Matthews backed him into a corner of the laundromat away from the building's only exit, the great disparity in size between defendant and Hicks and Matthews, makes it less likely that an ordinarily prudent and intelligent person would have honestly and reasonably believed that he was in danger.

Moreover, the prosecutor provided evidence that disproved defendant's allegation that Hicks had a gun. The police did not find any weapon on Hicks's body, and all of the bullets found at the scene were from the same gun. Importantly, Matthews testified that neither he nor Hicks were armed during the confrontation.

\*\*\*

Additionally, while the testimony indicated that there was no prior personal relationship between the parties that could have led to the shooting, there was evidence to suggest that the parties were associated with rival gangs. While the parties testified that they were not associated with any gang, Officer Reizin testified that red clothing is associated with Blood gang membership, and that teardrop tattoos on a person's face and a five point star tattoo are associated with gang membership. Additionally, Officer Reizin testified that, "What's up, Blood," and "What's up, Cuz" are common greetings that are used to identify members of certain gangs.

Testimony at trial established that defendant was wearing red clothing on the night of the shooting and had several star tattoos. Additionally, testimony at trial indicated that Matthews had a teardrop tattoo on his face….

Additionally, defendant's actions before the killing also suggest premeditation and deliberation. Specifically, after Hicks and Matthews arrived at the laundromat, where defendant already was present, defendant announced that he was going out to his car to get some cigarettes. The prosecution argued that this was a ruse, as defendant went out to his car to actually get his gun, and not to get his cigarettes as he claimed. This inference was supported by the fact that there was a no smoking sign in the laundromat and, more importantly, defendant was never seen with cigarettes after he supposedly went to get them.

*People v. Sessoms*, No. 323461, 2016 WL 192001, *2-4 (Mich. Ct. App. Jan. 14, 2016) (text and citations omitted).[1]

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, which affirmed his convictions.  *Id*. at *1-7.  He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Sessoms*, 500 Mich. 865, 885 N.W.2d 279 (Sept. 27, 2016).

Petitioner states that he filed a motion for relief from judgment with the state trial court on July 17, 2017, which was denied on November 22, 2017.

---

[1]In his pleadings before this Court, Petitioner asserts that the victims were jealous of his relationship with his girlfriend, Tiffany Johnson, who shared a daughter with Matthews. ECF No. 1, PageID.17.

4

ECF No. 1, PageID.24.   He then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied.   *People v. Sessoms*, No. 341517 (Mich. Ct. App. June 4, 2018).   He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.   *People v. Sessoms*, 503 Mich. 946, 922 N.W.2d 121 (Feb. 4, 2019).

Petitioner dated his federal habeas petition on May 6, 2024.   On May 22, 2024, the Court issued an order requiring Petitioner to show cause why his habeas petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions.   ECF No. 5.   Petitioner filed a timely reply to the Court's order contending that the Court should not dismiss his habeas petition because he is entitled to equitable tolling of the one-year period.   ECF No. 6.

### III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.   The statute provides:

(1) A 1-year period of limitation shall apply to an application for a

writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   A habeas petition filed outside the prescribed time period must be dismissed.   *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied

with the one-year statute of limitations.   "[D]istrict courts are permitted . . . to consider sua sponte, the timeliness of a state prisoner's federal habeas petition."   *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date.   The Michigan Supreme Court denied leave to appeal on direct appeal on September 27, 2016.   Petitioner's convictions became final 90 days later when the time for seeking a writ of certiorari with the United States Supreme Court expired, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when the time for filing a certiorari petition expires); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about December 26, 2016.   Accordingly, Petitioner was required to file his federal habeas petition by December 26, 2017, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner states that he filed his motion for relief from judgment with the state trial court on July 17, 2017.   At that point, 202 days of the one-year period had expired.   The one-year period remained tolled while the motion and related appeals were pending in the state courts.   The Michigan Supreme Court denied leave to appeal on collateral review on February 4,

7

2019.   The one year period resumed running the next day and expired 163 days later -- on or about July 17, 2019.   The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.   *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date his federal habeas petition until May 6, 2024 -- well after the one-year limitations period had expired.

Petitioner does not allege that his habeas claims are based upon newly discovered evidence or newly enacted, retroactively applicable law, nor does he allege that the State created an impediment to the filing of his habeas case.   His habeas petition is therefore untimely under 28 U.S.C. § 2244(d) and is subject to dismissal.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.   *Holland v. Florida*, 560 U.S. 631, 645 (2010).   The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."   *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-784 (6th Cir. 2010).   A

petitioner has the burden of demonstrating that entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The doctrine of equitable tolling is applied "sparingly." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Petitioner first asserts that he is entitled to equitable tolling due to his medical conditions, namely "psychiatric issues" that require medication, diabetes, and food allergies (oats and fish) that can cause medical emergencies such as loss of consciousness.   ECF No. 6, PageID.76-77.

A habeas petitioner's mental incompetence or impaired mental or physical health may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if such a condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).   In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he or she was mentally or physically

9

impaired and that the impairment was the cause for the late filing. *Id*.; *Robertson*, 624 F.3d at 785; *see also Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his [or her] legal rights during the limitations period."). A mental impairment might also justify equitable tolling "if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance." *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner makes no such showing. While he may have "psychiatric issues," diabetes, and food allergies, he fails to allege facts to demonstrate that those conditions were constant or debilitating during the time in which the one-year limitations period ran (or since that time). Merely stating that he has psychiatric issues which require medication, or that he has diabetes and food allergies, is not enough to warrant tolling. *See Watkins*, 854 F.3d at 852 ("mental illness is not the same as mental incompetence"). Petitioner fails to establish that he is (or was) mentally incompetent or that his mental or physical health issues were so significant throughout the relevant time period that they impaired his ability to pursue habeas relief on his own behalf,

or with assistance, in a timely manner.   *See, e.g., Nichols v. Davis*, No. 2:24-CV-10543, 2024 WL 2138629, *3 (E.D. Mich. May 13, 2024) (rejecting similar equitable tolling argument and dismissing petition as untimely); *Jenkins v. Burgess*, No. 21-CV-12960, 2022 WL 1212132, *5 (E.D. Mich. Apr. 25, 2022) (same), cert. app. den., No. 22-1451, 2022 WL 16985646 (6th Cir. Oct. 14, 2022); *see also McSwain v. Davis*, 287 F. App'x 450, 457-458 (6th Cir. 2008) ("Speculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing.").

Petitioner also contends that he is entitled to equitable tolling due to prison transfers in late 2019 and early 2020, the lack of legal assistance (from a fellow prisoner) for a period of time, and the Covid-19 pandemic. ECF No. 6, PageID.76-77.  Such circumstances, however, do not justify equitable tolling.   Prison transfers, lockdowns, segregation, and limited law library access are normal aspects of prison life, not extraordinary ones. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-751 (6th Cir. 2011) (rejecting petitioner's argument that he was entitled to equitable tolling due to lack of access to transcripts, pro se status, and limited law library access); *United States v. Cherry*, No. 04-90040, 2010 WL 3958679, *2 (E.D. Mich. Oct. 8, 2010) (citing cases holding that lack of access to legal

materials during prison lockdowns, transfers, and administrative segregation are not extraordinary circumstances that warrant tolling).

While the pandemic itself is certainly extraordinary, the associated effects on prison life are not exceptional circumstances that warrant equitable tolling.   This is especially true where, as here, the petitioner has not explained or presented evidence to show how his circumstances actually prevented him from timely filing a habeas petition or what steps he took to try to file his habeas petition during the relevant time period.   *See, e.g., Andrews v. United States*, No. 17-1693, 2017 WL 6376401, *2 (6th Cir. 2017) (denying a certificate of appealability on statute of limitations dismissal where petitioner failed to provide detailed explanation about filing delay); *United States v. West*, No. 4-18-cr-737, 2022 WL 44670, *3-4 (N.D. Ohio Jan. 5, 2022) (citing cases and ruling that petitioner was not entitled to equitable tolling where he only made general allegation about pandemic-related lockdown and lack of law library access and failed to show that he acted diligently during the one-year period); *Shoening v. Christianson*, No. 2:21-cv-11955, 2021 WL 4290242, *3-4 (E.D. Mich. Sept. 21, 2021) (same).

Conclusory and general allegations regarding prison transfers, the lack of legal assistance, and even pandemic-related prison conditions, such as

12

those provided by Petitioner, are simply insufficient to demonstrate entitlement to equitable tolling.   *See Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A petitioner] bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."); *Kincaid v. Campbell*, No. 2:21-CV-10574, 2024 WL 1054525, *4 (E.D. Mich. Mar. 11, 2024) (citing cases and ruling that prisoner's general claims about Covid, including his own infection, along with associated lockdowns, quarantines, and mailing delays did not excuse procedural default); *Williams v. Artis*, No. 2:21-CV-11422, 2022 WL 3044814, *2 (E.D. Mich. Aug. 2, 2022) (stating that "the COVID-19 pandemic is not an extraordinary circumstance for equitable tolling without 'fact-specific circumstances related to the pandemic that hindered [Petitioner's] ability to timely file a habeas petition'" and citing cases).

Additionally, the fact that Petitioner may have a limited education, is untrained in the law, is (or was) proceeding without a lawyer, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling.   *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling);

13

*Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling).

Lastly, Petitioner fails to demonstrate that he acted diligently to protect his rights given that his state court proceedings concluded in 2019 and he did not submit his federal habeas petition until 2024. He offers no justifiable explanation for such an extended delay in seeking federal habeas review. Given such circumstances, he is not entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-590 (6th Cir. 2005). To support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328

14

(1995)); *see also House v. Bell*, 547 U.S. 518, 537-539 (2006).   A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence that was not presented at trial."   *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."   *Bousley*, 523 U.S. at 623.   In keeping with Supreme Court authority, the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner alleges that he is actually innocent, ECF No. 6, PageID.75, 80 (referencing ECF No. 1), but he makes no such showing.   He presents no new reliable evidence of his actual, factual innocence.   His assertion that his habeas claims have merit, e.g., that he acted in self-defense or lacked the required intent for first-degree murder, does not establish his actual innocence.   *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). His own self-serving, conclusory assertions of innocence are also insufficient to support an actual innocence claim.   A "reasonable juror [or fact-finder] surely could discount [a petitioner's] own testimony in support of his own

cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases).   Petitioner fails to establish that he is entitled to equitable tolling of the one-year period on such a basis.   His habeas petition is untimely and must be dismissed.

## IV.   CONCLUSION

Based upon the foregoing discussion, the Court concludes that Petitioner failed to file his habeas petition within the one-year statute of limitations applicable to federal habeas actions and that he is not entitled to statutory or equitable tolling of the one-year period.   Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** the motion for an evidentiary hearing.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong.   *Slack v. McDaniel*, 529 U.S.

473, 484-485 (2000).   When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that reasonable jurists would debate whether the court's procedural ruling was correct.   *Id*.   Reasonable jurists could not debate the correctness of the Court's procedural ruling in this case.   Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.   *See* Fed. R. App. P. 24(a).   Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/Nancy G. Edmunds
NANCY G. EDMUNDS
United States District Judge

Dated:   July 17, 2024